IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES KOMOROSKI and<br>GALEN VERHULST,<br>individually and on behalf of those<br>similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UTILITY SERVICE PARTNERS PRIVATE<br>LABEL, INC. d/b/a SERVICE LINE<br>WARRANTIES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:16-CV-00294-DGK |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This case is a consumer class action. Plaintiffs James Komoroski and Galen Verhulst (collectively, "Plaintiffs") purchased utility warranties from Defendant Utility Service Partners Private Label, Inc., doing business as Service Line Warranties of America ("SLWA"), which would defray the cost to repair and replace the water service line running into their home. Plaintiffs' lawsuit alleges SLWA denied warranty coverage for legitimate repair claims.

Now before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. 71). After holding a settlement hearing on November 3, 2017, the Court finds that the settlement is fair, reasonable, and adequate, and that all other requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied. Accordingly, the motion is GRANTED.

The Court makes the following findings and ORDERS that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement ("the Agreement"), and all terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. This Court has jurisdiction over the subject matter of the action and over all parties to the action, including all class members.

3. Pursuant to Rule 23, the Court certifies this action as a class action defined as all individuals with galvanized steel water service lines or interior water meters in Kansas City, Missouri, who purchased a warranty agreement from SLWA which was still in effect as of February 17, 2016 ("the Settlement Class"). There is a subclass comprised of those individuals who were covered by a warranty agreement between May 1, 2015, and February 17, 2016, who made a valid claim under their warranty agreement and whose claims were denied in whole or in part for costs associated with replacing galvanized steel pipes with copper ones or for costs associated with relocating interior water meters to outside water meter pits (the "Damages Subclass"). Excluded from the Settlement Class are all officers, directors and employees of SLWA, and their legal representatives, heirs, or assigns, any Judges to whom the action is assigned, their staffs, and their immediate families, class members who timely excluded themselves from this action, and class counsel.

4. The Court confirms the prior appointments of Plaintiffs James Komoroski and Galen Verhulst as class representatives, and attorneys Robert A. Horn and Joseph A. Kronawitter of the law firm of Horn Aylward & Bandy, LLC and Phyllis Norman of The Norman Law Firm as Class Counsel.

5. With respect to the Settlement Class, the Court finds and concludes that for settlement purposes only: (a) the class members are so numerous that joinder of all class members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the class representative are typical of the claims of the Settlement Class; (d) the class representatives and

their counsel have fairly and adequately represented and protected the interests of the class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the class members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by class members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

6.  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, and adequate. The Court further finds that the settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the parties. Accordingly, the Agreement is hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

7.  The action is hereby dismissed in its entirety with prejudice and without costs. Nothing herein is intended to waive or prejudice the rights of class members who have timely excluded themselves from the Settlement Class.

8.  The releases as set forth in Section 3 of the Agreement together with the definitions in Sections 1.1-1.31 relating thereto are expressly incorporated herein in all respects.

9.  The class representatives and all class members, and anyone claiming through or on behalf of any of them (collectively, "Releasors"), are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether

within the United States or not), either directly, representatively or in any other capacity, asserting any of the released claims.

10. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all released claims.

11. The distribution of the notice as provided for in the Order Conditionally Certifying Settlement Class and Granting Preliminary Approval to Proposed Class Action Settlement (Doc. 27) and the Order Conditionally Approving Notice (Doc. 29) constituted the best notice practicable under the circumstances, including individual notice to all class members who could be identified through reasonable effort. This notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process.

12. Any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Class Counsel's fees and costs will be addressed in a separate order.

13. Neither this Order, the fact that a settlement was reached and filed, the Agreement nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be, an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the action. In no event shall this Order, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except in a proceeding to enforce the Agreement, or as otherwise required by law.

14. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; (b) hearing and determining applications for attorneys' fees and expenses in the action; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Agreement.

15. In the event that the settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 9 of the Agreement, the parties shall be restored to their respective positions in the action prior to the execution of the Agreement, and this Judgment shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16. SLWA has provided notification to all appropriate federal and state officials regarding the settlement as required by 28 U.S.C. § 1715.

17. Within thirty days, SLWA shall file with the Court, under seal pursuant to the Protective Order entered in this action (in order to protect the names and addresses of class members), a list of the names and addresses of all class members to whom notice was sent.

**IT IS SO ORDERED.**

Date:  November 9, 2017              /s/ Greg Kays
                                     GREG KAYS, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT